UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>RICHARD JOHN VIEIRA,<br><br>On Habeas Corpus. | Case No. 1:23-cv-01085-JLT<br><br>DEATH PENALTY CASE<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br><br>Clerk to Close the Case |

I. INTRODUCTION

Richard John Vieira, a condemned state prisoner proceeding pro se, filed this action on a Petition for Writ of Habeas Corpus Ad Subjiciendum (the "Petition") claiming that delays in ongoing state court exhaustion proceedings, relating to funding and/or appointing state appellate counsel, suspend and deny his federal right to challenge his 1992 murder conviction and death sentence rendered in Stanislaus County Superior Court Case No. 261617.[1]  (Doc. 2 at 1, 5-6, citing U.S. Constitution, art. I, § 9, cl. 2.[2]).  Petitioner requests the Court deem his pending state petition exhausted, appoint new counsel, and grant relief thereon.  (*Id.* at 4, 17.)

II. SCREENING REQUIREMENT

Under Rule 4 of the Rules Governing Section 2254 Cases, this Court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners.

---

[1] Petitioner has filed a Supplement to the Petition with non-record evidence.  (*See* Doc. 6.)
[2] Reference to pagination is to CM/ECF system pagination.

1

1  Pursuant to Rule 4, this Court must summarily dismiss a petition if it "plainly appears from the
2  petition and any attached exhibits that the petitioner is not entitled to relief in the district
3  court."

### III. BACKGROUND

A jury convicted Petitioner of four counts of murder and one count of conspiracy to commit murder. The jury also found true special allegations that Petitioner personally used a deadly weapon in each count. In addition, the jury found true the special circumstance that Petitioner committed multiple murder. *See People v. Vieira*, 35 Cal. 4th 264 (2005). The jury set the penalty at life in prison without parole for one murder count, and at death for the remaining counts. The California Supreme Court reversed the death sentence as to the conspiracy to commit murder count and remanded for imposition of a 25 year to life sentence as to that count and affirmed the conviction and sentences in the remaining counts. *Id.* at 306. The United States Supreme Court denied certiorari.[3]

On November 22, 2005, Petitioner, through appointed counsel, began habeas corpus proceedings in this Court pursuant to 28 U.S.C. § 2254 seeking relief on claims arising from his murder conviction and death sentence. *See Richard John Vieira v. Ayers,* E.D. Cal. Case No. 1:05–cv–01492–AWI. On February 5, 2015, the Court denied the § 2254 petition and related motions for evidentiary development, and issued a certificate of appealability for certain claims. *Vieira,* 2015 WL 641433 (E.D. Cal. Feb. 5, 2015). On March 6, 2015, Petitioner filed a notice of appeal with the United States Court of Appeals for the Ninth Circuit, where he is represented by appointed counsel. (*See* Doc. Nos. 145-147, citing *Richard Vieira v. Ron Davis*, Ninth Circuit Case No. 15-99003.)

On April 5, 2022, the Circuit granted Petitioner's opposed motion to stay the appeal pending final resolution of his second state court post-conviction petition (*see In re Vieira*, Stanislaus County Superior Court Case No. CRHC-15-005643), and administratively closed the docket pending further order. *See* Case No. 15-99003, Doc. 123. The federal appeal remains stayed. *See id.* at Doc. 132.

---

[3] *Vieira v. California,* 546 U.S. 984 (2005).

2

Petitioner's appeal of the Superior Court's September 22, 2021 denial of his second state petition is awaiting appointment of appellate counsel in the California Court of Appeal for the Fifth Appellate District. *See In re Vieira*, Fifth Dist. Case No. F083420. That court, on December 17, 2021, stayed the appeal pending appointment of appellate counsel, stating that:

> The California Supreme Court appointed attorney Wesley Andrew Van Winkle for habeas corpus proceedings related to the sentence of death. Appellant's initial petition for writ of habeas corpus was denied by the California Supreme Court on June 24, 2009. Attorney Van Winkle filed a subsequent petition for writ of habeas corpus in the California Supreme Court, which was transferred to the Stanislaus Superior Court on May 22, 2019. Attorney Van Winkle represented appellant in the Stanislaus Superior Court proceedings. The Stanislaus Superior Court denied the petition without issuing an order to show cause on September 22, 2021. Attorney Van Winkle filed a timely notice of appeal of the denial on appellant's behalf on October 12, 2021, and requested a certificate of appealability pursuant to California Rules of Court, rule 8.392. (Pen. Code, § 1509.1, subds. (a) & (c).) This court issued an order on October 27, 2021, finding that no certificate of appealability was necessary, and allowing the appeal to proceed.
>
> The notice of appeal, filed by appellant's counsel, attorney Van Winkle, who has been appointed to represent appellant in federal court, did not indicate whether counsel was seeking appointment for appellant in this matter. Attorney Van Winkle's appointment does not extend to the present appeal, however, this court notes that pursuant to California Rules of Court, rule 8.652(i), this court is not required to appoint attorney Van Winkle for attorney Van Winkle to represent appellant on this appeal.
>
> This court is in receipt of a letter from attorney Van Winkle indicating he is seeking appointment to pursue this appeal. Appellant is entitled to appointment of counsel to represent him in the appeal from the superior court's denial of his petition for a writ of habeas corpus. (Cal. Rules of Court, rule 8.391.) However, pursuant to California Rules of Court, rule 8.391(a)(3), as attorney Van Winkle represented appellant in the proceedings that are the subjection of this appeal, attorney Van Winkle may not be appointed to represent appellant in this court unless appellant and attorney Van Winkle provide an express written request for continued representation. No such request has been provided to this court.
>
> In addition, competent authority has not yet indicated the funds from which counsel appointed on appeal authorized by Penal Code section 1509.1, subdivision (a) will be compensated. There is also no ruling by competent authority on the rate at which appointed appellate counsel will be compensated, which is a matter that appears to require statewide uniformity. In view of the foregoing factors, we are not in a position to appoint counsel for appellant for the purpose of the appeal from the superior court's order denying his petition for a writ of habeas corpus. Accordingly, we must stay the above entitled appeal until the foregoing uncertainties are resolved by competent authority.
>
> The appeal is therefore stayed until further order of this court. This court will periodically review the stay in the above entitled case to determine whether the stay may be lifted.

*See* the docket in Case No. F083420.  The matter remains stayed in the Fifth District Court of Appeal.  *Id.*

On August 31, 2023, attorney Van Winkle, who represented Petitioner in this Court in the underlying § 2254 proceeding and in the Ninth Circuit appeal, substituted out of the Ninth Circuit proceeding and was replaced by attorney John Mills, who joins co-counsel, Assistant Federal Defendant Lissa Gardner in representing Petitioner in the federal appeal.  *See* Case No. 15-99003, Doc. 131.  Attorney Van Winkle's September 28, 2023 unopposed motion to substitute out of the ongoing exhaustion proceedings is pending in state court.  *Id.; see also* the docket in Fifth District Court of Appeal Case No. F083420.

## IV. DISCUSSION

Petitioner asserts that exhaustion of the second state habeas corpus petition should be excused given the state appellate court's delay in funding and/or appointing counsel to represent him.  Particularly, he asserts that (1) "there is an absence of available State corrective process" (§ 2254(b)(1)(B)(i));  or (2) "circumstances exist that render such process ineffective to protect the rights of the applicant"  (§ 2254(b)(1)(B)(ii)).   (Doc. 2 at 2-3.) Petitioner also asserts that the delay in state exhaustion proceedings amounts to suspension of habeas corpus, obstruction of justice, and denial of due process.  (*See* Doc. 2 at 2-4.)

### A.     Writ of Habeas Corpus *ad Subjiciendum* – Not Cognizable

Petitioner captions his Petition as a writ of habeas corpus *ad subjiciendum*, also known as the "Great Writ."  *Stone v. Powell*, 428 U.S. 465, 475 n.6 (1976).  However, the sole means by which Petitioner may challenge the legality or duration of his custody is a writ of habeas corpus.  *Wilkinson v. Dotson,* 544 U.S. 74, 78 (2005); *Preiser v. Rodriguez,* 411 U.S. 475, 477 (1973); *Young v. Kenny,* 907 F.2d 874, 876 (9th Cir.1990). As the Supreme Court has explained:

> The authority of federal courts to issue the writ of habeas corpus ad subjiciendum was included in the first grant of federal-court jurisdiction, made by the Judiciary Act of 1789, c. 20, § 14, 1 Stat. 81, with the limitation that the writ extend only to prisoners held in custody by the United States. The original statutory authorization did not define the substantive reach of the writ. It merely stated that the courts of the United States "shall have power to issue writs of...Habeas corpus...." *Id*. The courts defined the scope of the writ in accordance

4

with the common law and limited it to an inquiry as to the jurisdiction of the sentencing tribunal. *Id*. at 474-75. In 1867, however, the common law rule was changed by an Act of Congress which conferred jurisdiction to the United States District Court "to determine whether a prisoner has been deprived of liberty in violation of constitutional rights...." *United States v. Hayman*, 342 U.S. 205, 212 (1952). The Great Writ was codified in statutory provisions of Chapter 153 of Title 28 (§§ 2241-2255). *Id*.; *see also Stantini v. United States*, 986 F. Supp. 736 (E.D.N.Y. 1997).

*Shrader v. Warden, FCI Mendota*, No. 121-cv-00873 SKO HC, 2021 WL 2320158 at *1–2 (E.D. Cal. June 7, 2021), *report and recommendation adopted*, No. 121-cv-00873 NONE SKO HC, 2021 WL 4803954 (E.D. Cal. Oct. 14, 2021). Thus, Petitioner's writ of habeas corpus *ad subjiciendum* is not cognizable.

B.      Jurisdiction Divested Upon Appeal

"Once an appeal is filed, the district court is divested over the matters being appealed." *National Ass'n of Home Builders v. Norton*, 325 F.3d 1165, 1167 (9th Cir. 2003). The relief that Petitioner seeks through his pro se Petition appears to be subsumed by his pending appeal to the Ninth Circuit. Although there are exceptions for actions that seek to maintain the status quo pending appeal, *see Natural Res. Defense Council v. Southwest Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001), Petitioner is not requesting that the Court maintain the status quo.

Additionally, Petitioner is represented by counsel in his pending federal appeal. It is not appropriate for Petitioner to make pro se filings in this Court regarding matters that are being appealed. Any such submissions should be made by counsel, not Petitioner, and be directed to the Ninth Circuit. Notably, the Circuit has declined to entertain Petitioner's similar pro se submission to that court. *See* Ninth Circuit Case No. 15-99003, Doc. 34.

C.      Federal Abstention for State Court Proceedings

"Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings absent extraordinary circumstances. *See Younger v. Harris,* 401 U.S. 37, 43–54 (1971). The rationale of *Younger* also applies throughout appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. *See Dubinka v. Judges of the Superior Court,* 23 F.3d 218, 223 (9th Cir.1994) (acknowledging that even if criminal trials were completed at the time

of abstention decision, state court proceedings still considered pending).  As noted, Petitioner's second exhaustion petition relating to his capital conviction and sentenced is pending in state court.

Additionally, to the extent Petitioner may seek relief in his state court proceedings, he has not demonstrated that this Court has jurisdiction to issue a writ of mandamus to the state court. *See* 28 U.S.C. §§ 1361, 1651; *Demos v. U.S. District Court for the Eastern District of Washington*, 925 F.2d 1160, 1161 (9th Cir. 1991) (noting that the Ninth Circuit lacks jurisdiction to issue a writ of mandamus to a state court). Accordingly, the Court will abstain from interfering with Petitioner's ongoing state proceeding.

### D. No Cognizable Federal Claim

The Petition does not appear to include facts stating a cognizable federal claim.

#### 1. Due Process Rights

Petitioner asserts that delay in the state capital appeal process violates his federal due process rights.  However, the procedural guarantee of the Fourteenth Amendment's Due Process Clause applies only when a constitutionally protected liberty or property interest is at stake.  *See Ingraham v. Wright,* 430 U.S. 651, 672–73 (1977). Petitioner does not have a federal due process right to a speedy state court appeal process. "[N]o clearly established Federal law, as determined by the Supreme Court of the United States recognizes a due process right to a speedy appeal."  *Blair v. Martel,* 645 F.3d. 1151, 1158 (9th Cir. 2011) (citing *Hayes v. Ayers,* 632 F.3d 500, 523 (9th Cir. 2011)).

Moreover, the state court may yet take action on Petitioner's second state exhaustion petition.  See *Coe v. Thurman,* 922 F.2d 528, 531 (9th Cir. 1990) (Courts look to four factors in determining whether the state's delay in adjudicating a petitioner's claim satisfies either of the § 2254(b)(1)(B) exceptions or violates due process: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant). Particularly, the record reflects that newly substituted federal counsel, Mr. Mills, is seeking to substitute for Mr. Van Winkle in Petitioner's pending exhaustion appeal in the Fifth District Court of Appeal.  *See* Case No. 15-99003, Doc. 131 at 4.  Relatedly, the docket in the pending

state appeal reflects that on September 28, 2023, counsel Van Winkle moved unopposed to substitute counsel in that proceeding. *See* the docket in Case No. F083420.

Additionally, Petitioner's Supplement to the instant Petition (*see* Doc. No. 6) appears to include non-record evidence not properly before the Court. *See Shinn v. Ramirez*, 142 S. Ct. 1718, 1724 (2022) ("[O]nly rarely may a federal habeas court hear a claim or consider evidence that a prisoner did not previously present to the state courts in compliance with state procedural rules."). Thus, even if Petitioner could fashion his due process claim as a habeas challenge to his conviction and sentence, such a challenge would fail.

### 2.      Suspension of Habeas Corpus

Petitioner asserts that delay in state exhaustion proceedings unconstitutionally suspends his federal habeas corpus rights. However, the federal prohibition on suspension of habeas rights does not apply to delays caused by state action. "[I]t has been decided by the Supreme Court of the United States that [U.S. Const. art 1, § 9, cl. 2] does not apply to state action . . . and that the refusal by state authorities to entertain a petition for a writ of habeas corpus, therefore, does not raise a federal question." *Geach v. Olsen,* 211 F.2d 682, 684 (7th Cir. 1954) (citing *Gasquet v. Lapeyre*, 242 U.S. 367 (1917), and cases cited therein). Petitioner does not state a colorable claim that his right to habeas corpus has been unconstitutionally suspended.

## V. CONCLUSIONS

For the reasons stated, Petitioner's pro se submission is improper and will not be entertained or considered in this Court. Thus, the Court **ORDERS**:

1.      The Petition is **DISMISSED** without prejudice as non-cognizable, for lack of jurisdiction, as a matter of federal abstention, and for failure to state a claim.

///

///

///

///

///

2. The Clerk of the Court is directed to **SERVE** a copy of this order upon counsel for Petitioner in the federal appeal, Lissa Gardner (lissa_gardner@fd.org) and John Mills (j.mills@phillipsblack.org) and to **CLOSE** the case.

IT IS SO ORDERED.

Dated:   **October 11, 2023**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE